UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| CARMEN ROMAN, | Docket Number: 07 Civ 10985 |
| Plaintiff, | ECF CASE |
| | **AMENDED** |
| - against - | **COMPLAINT** |
| | FLSA COLLECTIVE ACTION |
| THE CITY OF NEW YORK., | **PLAINTIFF DEMANDS A JURY TRIAL** |
| Defendant. | |

------------------------------------------------------------X

Plaintiff, **CARMEN ROMAN**, by her attorneys, **ROBERT DAVID GOODSTEIN, ESQ.**, complaining of defendant, **THE CITY OF NEW YORK**, alleges as follows:

1. This is an action brought pursuant to the Family and Medical Leave Act of 1993. Jurisdiction of this Court is established pursuant to 29 U.S.C. §2617(a)(2) which permits an action to recover damages or equitable relief in any Federal Court of competent jurisdiction by any one or more employees for a violation of said Act. This is also an action on behalf of Plaintiff to recover overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA".)

2. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of the Defendant, pursuant to 29 U.S.C. § 216 (b).

## PARTIES

3. Plaintiff, CARMEN ROMAN, resides at Brooklyn, New York, County of Kings.

1

4.  Defendant, CITY OF NEW YORK, a municipal corporation with offices at 33 Beaver Street, 23rd Floor, New York, New York, 10004, is an employer subject to the Family and Medical Leave Act of 1993, 29 U.S.C. §2611. On information and belief, defendant, CITY OF NEW YORK, is engaged in commerce, or in industry or activity affecting commerce, and employs 50 or more workers for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. On information and belief, defendant, CITY OF NEW YORK, employed plaintiff, CARMEN ROMAN, at a work site where it employed more than 50 employees.

5.  Plaintiff, CARMEN ROMAN, on information and belief, is an eligible employee as defined under the Family and Medical Leave Act of 1993, in that she was employed by defendant for at least 12 months prior to her request for leave, and she worked at least 1,250 hours with said defendant during the previous 12 month period. 29 U.S.C. §2611.

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (interstate commerce) and 29 U.S.C. § 216 (FLSA). Supplemental jurisdiction over plaintiff's state law claims in conferred by 28 U.S.C. § 1367(a).

7.  Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) in that all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.  Plaintiff, CARMEN ROMAN, began her employment with defendant in or about 1974. This employment continued without break until the date of her termination on or about October 15, 2007.

9.  On or about September 21, 2007, plaintiff was injured on the job, when she hurt her ankle, which left plaintiff disabled and caused her to stop working. Plaintiff was out of work for three weeks, during which time plaintiff was seen at least twice by a medical professional, until

October 15, 2007 when she was terminated. Defendant knew plaintiff remained out three weeks and was twice seen by a medical professional. This condition qualified as a "serious health condition" pursuant to the Family and Medical Leave Act ("The Act"). Thus, her illness qualified as a serious health condition. Pursuant to a medical provider, defendant knew of plaintiff's course of treatment. Defendant should have but did not place plaintiff on FMLA Leave. Plaintiff is entitled to all the protections of the Act, despite defendant's failure to place plaintiff on FMLA leave. Burnett v. LFW Inc d/b/a Habitat Co., ___ F3rd ___ (7th Cir 2006)

10. Plaintiff was eligible to return to work and was entitled to be restored to her equivalent position as required by the FMLA.

11. By letter dated October 15, 2007 plaintiff was informed she was terminated.(A copy of this letter is annexed as Exhibit 2).

12. On information and belief, plaintiff was terminated because she took a leave of absence of three weeks commencing September 21, 2007.

13. Because of the nature of plaintiff's medical condition, she provided such notice as was practicable to the employer. Such actual notice was given and medical documentation was also provided to defendant.

14. Defendant has a policy and practice of "permitting" plaintiff and similarly situated probation officers to work in excess of 40 hours per week but only pay them for 40 hours. As hours actually worked, even if not authorized are compensatable as overtime, defendant must pay plaintiff and similarly situated probation officers one and one-half their regular rate of pay. Chao v. Gotham Registry, Inc., 514 F 3d 280, (2nd Circ. January 24, 2008).

15. Defendant regularly permitted plaintiff and similarly situated probation officers to work in excess of 12 hours a day, five days a week.

16. On information and belief, there are at least 15 or more probation officers currently or formerly employed by the City of New York who are similarly situated to Plaintiff, in that their work schedules, and the method by which and amounts in which they were paid, were similar to plaintiff's, giving rise to similar claims under the overtime laws. Plaintiff is a representative of these workers and is acting on behalf of their interests as well as her own in bringing this action.

17. Similarly situated former and current employees are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216 (b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standard Act will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

18. Plaintiff Roman consents to this action pursuant to the Fair Labor Standards Act.

### AS AND FOR THE FIRST CAUSE OF ACTION (FMLA)

19. In all circumstances, it was defendant's responsibility to designate leave as FMLA qualified and defendant was prohibited from discriminating against plaintiff for using FMLA leave. However, plaintiff was terminated on October 15, 2007 because she took 3 weeks of leave.

20. Plaintiff was entitled to Family and Medical Leave Act leave, and said leave could not be utilized to terminate her employment.

21. By terminating plaintiff because of her 3 week leave period, defendant violated the Family and Medical Leave Act's protection against discriminatory termination.

22. Accordingly, defendant has violated the Family and Medical Leave Act of 1993, by terminating plaintiff.

23. The actions of defendant complained of are willful violations of 29 U.S.C. §2612, §2614, §2615, §2617 and 29 C.F.R. §825 112, §825 114, §825 208, §825 220.

## AS AND FOR THE SECOND CAUSE OF ACTION (FLSA)

24. At all times relevant to this action, plaintiff used or handled goods that moved or were produced in interstate commerce.

25. Defendant constitutes an enterprise within the meaning of 29 U.S.C. § 203 and is a municipal employer.

26. At all relevant times, defendant was plaintiff's employer within the meaning of 29 U.S.C. § 203(d). Defendant had the power to hire and fire plaintiff, control the terms and conditions of her employment, and determine the rate and method of her compensation.

27. Defendant willfully and intentionally failed to pay plaintiff overtime compensation the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

28. Defendant's failure to pay overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

29. Plaintiff has been damaged in an amount to be determined by trial.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands judgment against defendant as follows:

1. Designating this action as a collective action and authorizing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be party plaintiffs in the FLSA claims in this action;

**On the FMLA Cause of Action:**

(1) An amount equal to back wages, benefits, and pension for plaintiff from October 15, 2007;

(2) Interest on the above described amount calculated at the prevailing rate;

(3) An additional amount as liquidated damages equal to the sum of the amount described above including interest;

(4) Employment reinstatement;

(5) Reasonable attorneys' fees, pursuant to 29 U.S.C. §2617; and

(6) Reasonable expert witness fees and other costs of the action, pursuant to 29 U.S.C. §2617.

**On the FLSA Cause of Action:**

(1) Awarding plaintiff damages for lost income, liquidated damages, costs, interest, and reasonable attorneys' fees pursuant to the FLSA, in an amount to be determined at trial; and

(2) For such additional relief as the Court deems appropriate.

Dated: New Rochelle, New York
March 31, 2008

                               Law Office of
                               ROBERT DAVID GOODSTEIN, ESQ.

                   By: _____/S/_____
                               Robert David Goodstein (RDG-5443)
                               *Attorneys for Plaintiff*
                               56 Harrison Street, Suite 401
                               New Rochelle, New York 10801
                               (914) 632-8382

## ROBERT DAVID GOODSTEIN
ATTORNEY AT LAW
56 HARRISON STREET
SUITE 401
NEW ROCHELLE, NEW YORK 10801
PHONE: (914) 632-8382
FAX: (914) 632-1833

ROBERT DAVID GOODSTEIN

PAULA JOHNSON KELLY

EILEEN WEST
OF COUNSEL

I CARMEN ROMAN, the plaintiff if the within action, Roman v. The City of New York, Civil Action No.: 07 Civ 10985 (BATTS) hereby consent to the institution of a Fair Labor Standards Act lawsuit for uncompensated overtime.

_____
CARMEN ROMAN