UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CARMEN ROMAN,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

07 CV 10985 (DAB)

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, and affirmatively states that all of plaintiff's claims are not amenable to a collective action, except admits that plaintiff purports to proceed as set forth therein.

        3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits the City of New York is a duly organized municipal corporation organized under the laws of the State of New York, and the New York City Department of Probation ("DOP") Headquarters is located at 33 Beaver St., 18th Floor, New York, NY 10004 and respectfully refers the Court to the statute referred to for a complete and accurate statement of its contents.

5. Denies the allegations set forth in paragraph "5" of the complaint and respectfully refers the Court to the statute referred to for a complete and accurate statement of its content.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff seeks to invoke the jurisdiction of the court as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admit that the venue of this court is appropriate.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff commenced employment with the City of New York in 1974, that she employed at DOP from on or about April 9, 1984 until her termination on or about October 15, 2007.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was on medical leave from on or about September 9, 2007 until on or about October 15, 2007 and respectfully refers the Court to the statute referred to for a complete and accurate statement of its content.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits plaintiff was terminated on or about October 15, 2007 and respectfully refers the Court to the Exhibit referred to for a complete and accurate statement of its contents.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint and respectfully refers the Court to legal authority cited therein for a complete and accurate statement of its contents.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint and respectfully refers the court to the statute referred to for a complete and accurate statement of its contents.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff was terminated on October 15, 2007.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that plaintiff was employed as a Probation Officer for DOP.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that defendant is a municipal corporation and respectfully refers the Court to the statute referred to for a complete and accurate statement of its contents.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiff's employer was the City of New York and respectfully refers the Court to the statute referred to for a complete and accurate statement of its contents.

27. Denies the allegations set forth in paragraph "27" of the complaint and respectfully refers the Court to the statute referred to for a complete and accurate statement of its contents.

28. Denies the allegations set forth in paragraph "28" of the complaint and respectfully refers the Court to the statute referred to for a complete and accurate statement of its contents.

29. Denies the allegations set forth in paragraph "29" of the complaint.

### FOR A FIRST DEFENSE:

30. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

31. This action is barred in whole or in part by the applicable statute of limitations.

### FOR A THIRD DEFENSE:

32. This case may not be maintained as a collective action because the named plaintiff is not similarly-situated to or otherwise adequate representative for the persons whom she purports to represent.

### FOR A FOURTH DEFENSE

33. To the extent that the named plaintiff purports to bring a representative action, she is barred on constitutional grounds from doing so unless she demonstrates that a liability finding as to one plaintiff (or sub-group of plaintiffs) necessarily determines liability as to others.

## FOR A FIFTH DEFENSE

34.  Plaintiff's claims are barred, in whole or in part, by her failure to exhaust contractual remedies.

## FOR A SIXTH DEFENSE

35.  Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

## FOR A SEVENTH DEFENSE

36.  Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## FOR AN EIGHTH DEFENSE

37.  Defendant has at all times acted in good faith and had reasonable grounds for believing that the DOP's pay practices complied with the FLSA.

## FOR A NINTH DEFENSE

38.  Subject to proof through discovery, plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

## FOR A TENTH DEFENSE:

39. Plaintiff is estopped from asserting some or all of the claims asserted in the complaint because defendant's actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## FOR AN ELEVENTH DEFENSE:

40. Plaintiff's claim for front and/or back pay is barred by her failure to mitigate damages.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 14, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-118
                                New York, New York 10007
                                (212) 442-0144

                        By:     _____
                                Robyn Silvermintz
                                Assistant Corporation Counsel
                                rsilverm@law.nyc.gov

**CERTIFICATE OF SERVICE**

      I, **Robyn Silvermintz,** hereby certify that, on May 14, 2008, I caused a true and correct copy of the foregoing Answer to the Amended Complaint to be served upon plaintiff, in a prepaid postage envelope first-class mail, addressed to

      Robert David Goodstein
      56 Harrison Street, Suite 401
      New Rochelle, NY 10801

that being the address that plaintiff designated for receipt of such material.

Dated:    New York, New York
           May 14, 2008

      **MICHAEL A. CARDOZO**
      Corporation Counsel of the
        City of New York
      Attorney for Defendants
      100 Church Street, Room 2-118
      New York, New York 10007
      (212) 442-0144

By: _/s/ Robyn Silvermintz_
      Robyn Silvermintz
      Assistant Corporation Counsel